# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BLOOMSYBOX.COM, LLC, | ) |
|           Plaintiff, | ) |
| v. | ) Civil Action No. 24-844-RGA |
| USERWAY, INC., JOHN DOE 1-5, | ) |
|           Defendants. | ) |

## MEMORANDUM ORDER

At Wilmington this **28th** day of **May, 2025**, the court having considered defendant UserWay, Inc.'s ("UserWay") motion to stay discovery pending resolution of its motion to dismiss, (D.I. 33), and the briefing and filings associated therewith (D.I. 34; D.I. 35; D.I. 36; D.I. 37), IT IS HEREBY ORDERED that UserWay's motion to stay is GRANTED-IN-PART for the following reasons.

    1.    **Background.** Plaintiff BloomsyBox.com, LLC ("Plaintiff") operates an e-commerce website selling flowers and gifts. (D.I. 1 at ¶ 11) UserWay sells software products on a subscription basis to remediate websites for compliance with legal and regulatory standards under Title III of the Americans with Disabilities Act ("ADA"). (*Id.* at ¶¶ 1, 12) The complaint alleges that Plaintiff subscribed to UserWay's service to upgrade its website's accessibility overlay, drawn by UserWay's representations that the product would shield the company from ADA lawsuits and that UserWay would provide legal support. (*Id.* at ¶ 53) Nonetheless, Plaintiff was sued for alleged noncompliance with ADA requirements on its website. (*Id.* at ¶ 56)

    2.    On July 19, 2024, Plaintiff brought this putative class action against UserWay for breach of contract, consumer fraud violations, violations of the Magnuson-Moss Warranty Act,

and negligent misrepresentation. (*Id.* at ¶¶ 74-111) On September 17, 2024, the court granted the parties' joint request to stay UserWay's deadline to respond to the complaint until after the parties engaged in mediation. (D.I. 17) The parties agreed on a mediator, who proposed fourteen dates for scheduling a mediation. (D.I. 36 at ¶¶ 2, 5) UserWay indicated it had conflicts with all but one of the mediator's proposed dates, and the parties scheduled the mediation for April 29, 2025. (*Id.* at ¶ 5) In the meantime, UserWay filed a motion to dismiss the complaint on February 21, 2025. (D.I. 26)

3. On April 1, 2025, UserWay advised Plaintiff that it was no longer available to mediate the case on April 29, 2025. (D.I. 36 at ¶ 7) The mediator advised the parties that he had no availability until August of 2025. (*Id.*) Plaintiff asked UserWay to engage in an initial discovery conference pursuant to Federal Rule of Civil Procedure 26 and provided UserWay with copies of its discovery requests. (*Id.* at ¶¶ 7-8) UserWay responded by filing the instant motion to stay discovery pending resolution of the motion to dismiss. (*Id.* at ¶ 8; D.I. 33)

4. **Legal Standard.** District courts have broad discretion in matters concerning case management and discovery. *See United States v. Schiff*, 602 F.3d 152, 176 (3d Cir. 2010); *Sempier v. Johnson & Higgins*, 45 F.3d 724, 734 (3d Cir. 1995). Included within this broad discretion is a district court's consideration of a motion to stay. *See Dentsply Int'l Inc. v. Kerr Mfg. Co.*, 734 F. Supp. 656, 658 (D. Del. 1990). Courts generally consider three factors in deciding how to exercise their discretion in the context of a motion to stay: (1) whether a stay will simplify the issues for trial; (2) the status of the litigation, particularly whether discovery is complete and a trial date has been set; and (3) whether a stay would cause the non-movant to suffer undue prejudice from any delay or allow the movant to gain a clear tactical advantage. *See Am. Axle & Manuf., Inc. v. Neapco Holdings LLC*, C.A. No. 15-1168-LPS, 2021 WL

616992, at *2 (D. Del. Feb. 17, 2021); *Harvey v. McBride*, C.A. No. 19-1861-CFC *et al.*, 2021 WL 372511, at *3 (D. Del. Feb. 3, 2021). However, consideration of these factors "is not a rigid template for decision[,]" and the court retains discretion to consider the totality of circumstances "beyond those captured by the three-factor stay test." *British Telecommc'ns PLC v. IAC/InterActiveCorp*, C.A. No. 18-366-WCB, 2020 WL 5517283, at *5 (D. Del. Sept. 11, 2020) (quoting *Murata Mach. USA v. Daifuku Co.*, 830 F.3d 1357, 1362 (Fed. Cir. 2016)). The movant bears the burden to show that the circumstances support an exercise of the court's discretion to stay. *RideShare Displays, Inc. v. Lyft, Inc.*, C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021) (citing *Clinton v. Jones*, 520 U.S. 681, 708 (1997)).

5.   **Analysis.** Strict adherence to the stay factors does not capture the totality of the circumstances in this case. UserWay's opening brief does not acknowledge that this case was previously stayed to allow the parties to pursue mediation at UserWay's suggestion. (D.I. 17; D.I. 34; D.I. 36 at ¶ 2) The mediation, first suggested in September of 2024, never went forward due to UserWay's unavailability on any of the fourteen dates proposed by the parties' agreed-upon mediator. (D.I. 36 at ¶¶ 2, 5) UserWay represents that it "remains interested in mediating this case at the next feasible opportunity[,]" but there is no indication on this record that UserWay has explored the chosen mediator's next availability in August of 2025 or that the parties have researched alternative mediators with earlier availability. (*Id.* at ¶ 7) These facts demonstrate the need for the court to "be mindful of its responsibility to keep its docket moving, so that it can provide litigants with timely and effective resolution of their claims." *Westinghouse Air Brake Techs. Corp. v. Siemens Mobility, Inc.*, C.A. No. 17-1687-LPS-CJB, 2019 WL 126192, at *1 (D. Del. Jan. 8, 2019). For the reasons set forth below, the traditional stay factors also weigh against a complete stay of discovery in this matter.

6. ***Simplification of issues for trial.*** The first factor does not weigh heavily for or against a stay at this stage of the proceedings. *See Kaavo Inc. v. Cognizant Tech. Sols. Corp.*, C.A. No.14-1192-LPS-CJB *et al.*, 2015 WL 1737476, at *2 (D. Del. Apr. 9, 2015) (explaining that the court must assess "*all* of the possible outcomes of the . . . inquiry . . . not just the potential outcome most favorable to the party seeking the stay."). UserWay argues the court's consideration of its motion to dismiss is likely to result in dismissal of the entire case. (D.I. 34 at 4-5) While the case would be "greatly simplified" if the motion to dismiss is granted, "little efficiency gain would be realized" if the motion is denied or granted-in-part. *Id.* The court cannot properly consider the legal merits of the motion to dismiss in the context of a motion to stay. *Id.* at *2 n.4.

7. ***Status of the litigation.*** The second stay factor is also neutral. The case is in its earliest stages, and "the most burdensome stages of the case[ ] . . . all lie in the future." *IOENGINE, LLC v. PayPal Holdings, Inc.*, C.A. No. 18-452-WCB, 2019 WL 3943058, at *5 (D. Del. Aug. 21, 2019). No scheduling order has been entered, discovery has not yet begun, and no trial date has been set. *See Neste Oil OYJ v. Dynamic Fuels, LLC*, C.A. No. 12-1744-GMS, 2013 WL 3353984, at *5 (D. Del. July 2, 2013).

8. However, UserWay's submissions fail to address the limited scope of discovery proposed by Plaintiff. (D.I. 34; D.I. 37) Plaintiff seeks responses to six interrogatories and seven requests for production of documents and agrees to defer responses to the remaining discovery requests until after the court has issued a ruling on the motion to dismiss. (D.I. 36 at ¶ 8) In effect, Plaintiff's proposal permits a stay of most discovery and would likely prevent the case from reaching its most burdensome stages prior to resolution of the motion to dismiss.

9. ***Undue prejudice.*** The third factor weighs against a stay. "[D]elay inherently harms a non-moving party by prolonging resolution of the dispute[.]" *RideShare Displays, Inc. v. Lyft, Inc.*, C.A. No. 20-1629-RGA-JLH, 2021 WL 7286931, at *1 (D. Del. Dec. 17, 2021) (citing *Neste Oil*, 2013 WL 3353984, at *2). As previously discussed, Plaintiff's case has already been delayed in a fruitless pursuit to schedule a mediation. Additional delay will compound that prejudice.

10. UserWay suggests that it would face an undue burden if discovery proceeds. (D.I. 34 at 7; D.I. 37 at 5-6) But UserWay does not acknowledge Plaintiff's compromise proposal that would limit discovery at this stage to responding to six out of thirteen interrogatories and seven out of twenty-one requests for production. Instead, UserWay repeats generalized allegations that the discovery requests "are expansive, and responding would entail considerable expense and diversion of resources." (D.I. 37 at 6) These conclusory allegations are not sufficient to establish undue prejudice, and any burden on UserWay may be mitigated by its renewed focus on mediating the case. (*Id.* at 5) (stating that UserWay "remains interested in mediating this case at the next feasible opportunity.").

11. **Conclusion.** On balance, the totality of the circumstances weighs against the entry of a complete stay of discovery in this case. IT IS THEREFORE ORDERED that, in the exercise of the court's discretion, Defendant's motion to stay is GRANTED-IN-PART. (D.I. 33) The court adopts Plaintiff's compromise proposal and DENIES the motion to stay with respect to the following:

> a. UserWay shall respond to Interrogatories 2, 5, 6, 7, 10, and 13 and Requests for Production 1, 2, 4, 5, 10, 14, and 17 in accordance with the Federal Rules of Civil Procedure. (D.I. 36 at ¶ 8)

    b. On or before **June 6, 2025**, the parties shall engage in an initial discovery conference under Federal Rule of Civil Procedure 26(f) and shall exchange initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1).

    c. In the initial discovery conference, the parties shall confer and attempt to reach an agreement on a proposed form of protective order and/or ESI protocol.

The motion to stay is GRANTED with respect to UserWay's responses to Plaintiff's remaining discovery requests, which shall be deferred until after the court issues a Report and Recommendation on the pending motion to dismiss. (D.I. 36 at ¶ 8)

    21.    This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

    22.    The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

Sherry R. Fallon<br>
United States Magistrate Judge